

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2002

# Grosset v. Waste Mgt Inc

Precedential or Non-Precedential:

Docket 1-1225

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Grosset v. Waste Mgt Inc" (2002). *2002 Decisions.* Paper 150.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/150

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-1225


ROBERT W. GROSSET,

Appellant

v.

WASTE MANAGEMENT, INC.


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 00-cv-03251)
District Judge: Honorable Robert F. Kelly


Submitted Under Third Circuit LAR 34.1(a)
January 15, 2002


Before: ALITO and ROTH, Circuit Judges
SCHWARZER*, District Judge

(Opinion Filed March 5, 2002)


     * Honorable William W Schwarzer, Senior District Judge for the
Northern District
of California, sitting by designation.


_____


OPINION


ROTH, Circuit Judge

Plaintiff Robert W. Grosset appeals the order of the United States District Court for the Eastern District of Pennsylvania granting defendant Waste Management Inc.'s Motion for Summary Judgment. Grosset filed suit against his former employer, Waste Management, alleging that it discriminated against him in violation of the Americans with Disabilities Act of 1990 (ADA). See 42 U.S.C. 12101 et seq. Grosset claimed that Waste Management failed to reasonably accommodate his disability in September 1998, thereby causing his disability to worsen. Grosset submitted a signed claim to the Equal Employment Opportunity Commission (EEOC) on October 17, 1999, which was stamped as received on October 20, 1999.

In moving for summary judgment, Waste Management contended that Grosset did not file his charge with the EEOC within the 300 days of the alleged discriminatory act as required by the ADA and for that reason his charge of discrimination was untimely. In response, Grosset denied that his charge was untimely and made an additional claim that he suffered retaliation from Waste Management as recently as June 2000. The District Court denied the retaliation claim because Grosset failed to exhaust his administrative remedies with the EEOC. The court then granted summary judgment in favor of Waste Management.

Grosset makes several contentions on appeal. First, he alleges that he filed a notice of claim with the EEOC on June 10, 1999. This allegation was not raised in the District Court and no copy of any such notice appears in the record on appeal. Grosset instead argued in the District Court that because the EEOC processed his claim, it was timely.

Grosset next contends that he properly exhausted all required administrative remedies before bringing his retaliation claim for judicial relief. The District Court found, however, that Grosset failed to assert retaliation in his original EEOC charge. Indeed, the claimed retaliation did not occur until after the EEOC proceeding had terminated.

Finally, Grosset claims protection under the equitable tolling doctrine and the continuing violation theory. These theories, however, were first raised in this appeal.

Issues and arguments not raised before the District Court cannot be raised for the first
time on appeal.  See Wilson v. Russo, 212 F.3d 781, 789, n.6 (3d Cir. 2000) (citing
Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994)).

For the foregoing reasons, we will affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.


By the Court,


/S/ Jane R. Roth
Circuit Judge